JUDGE SWEET

co

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

M.B.

                Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF EDUCATION;
CHANCELLOR DENNIS WALCOTT, IN HIS OFFICIAL
CAPACITY

                Defendants

13 CV 0615

Civ No

COMPLAINT



---

## PRELIMINARY STATEMENT

1. This is an action to recover attorneys' fees and costs that Plaintiff incurred in the course of an administrative proceeding brought under the Individuals with Disabilities with Education Improvement Act ("IDEA"), 20 U.S.C. §1410, *et. seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claim for an award of reasonable attorneys' fees to a prevailing party in an administrative proceeding under the IDEA pursuant to 20 U.S.C. §1415(i)(3)(A), 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. §1331.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) as the judicial district in which Defendants are situated and/or reside.

## PARTIES

4. Plaintiff M.B. is the mother and natural guardian of P.B., a child with a disability.

1

5. M.B. and P.B. reside in Brooklyn, N.Y.

6. Upon information and belief, Defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("Department" or "DOE"), is the official body charged with the responsibility for developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. EDUC. LAW §§ 2590, 2590-g (McKinney 1980). It is a recipient of federal financial assistance.

7. Upon information and belief, Defendant, DENNIS WALCOTT, is the Chancellor of the New York City School District ("the Chancellor") and as such is entrusted with the specific powers and duties set forth in N.Y. EDUC. LAW § 2590-h.

## FACTS

8. Plaintiff retained the services of Friedman & Moses, LLP ("F&M") for the purposes of bringing an impartial due process hearing ("Impartial Hearing") against the Defendants pursuant to the IDEA and other laws to address, *inter alia*, a denial of a Free Appropriate Public Education ("FAPE"), discrimination and lack of adequate evaluations for P.B.

9. By letter dated October 20, 2009, F&M on behalf of M.B. and P.B. filed a request for an Impartial Hearing upon the Defendants. Defendants' case number for the Impartial Hearing was 124480.

10. The requested Impartial Hearing was held on three hearing dates in 2009 and 2010.

11. During the course of the Impartial Hearing, the impartial hearing officer ("IHO") issued one interim order establishing the last-agreed upon placement ("pendency") on the parent's behalf (the "Pendency Order"). The Interim Order on pendency directed Defendants to provide pendency to the student. Prior to the issuance of the Interim Order, the Defendants had refused to provide pendency.

12. On January 21, 2010, the IHO issued an initial Statement of Agreement and Order on behalf of the parents, which was not fully accurate. On January 28, 2010, the IHO issued an Amended Statement of Agreement and Order, correcting the first order (the "Final Order").

13. The Interim Order and Final Order afforded M.B. the relief she sought in the hearing.

14. M.B. is a prevailing party in the Impartial Hearing and, as such, is entitled to satisfaction of her debt for attorney's fees.

15. F&M has made a written demand upon Defendants for payment of reasonable attorneys' fees in connection with its representation of Plaintiff and her child at the impartial hearing, and then attempted to further resolve the matter.

16. As of the date this action is being filed, the parties were not able to finalize a settlement agreement.

17. The time expended by F&M's attorneys and paralegals in connection with the Impartial Hearing and this action for fees were reasonable in relation to the legal services requested and performed.

18. The fees being charged pursuant to the retainer are below market rates for the legal services performed in light of the experience of counsel.

WHEREFORE, M.B. respectfully requests that the Court:

(a) Assume jurisdiction of this action under 42 U.SC. § 1988 and 20 U.S.C. §1415;

(b) Award Plaintiff's reasonable attorneys' fees in the amount of $13,800.00, in accordance with her status as a prevailing party in the Impartial Hearing;

(c) Award Plaintiff's reasonable attorneys' fees and costs, in an amount to be determined at trial, incurred in connection with the successful prosecution of this action to recover reasonable attorneys' fees incurred in connection with the impartial hearing;

(d) Award such other and further relief as to the Court may seem just and proper.

Dated:     January 28, 2013
           New York, New York

Respectfully submitted,
FRIEDMAN & MOSES, LLP

By_____
Elisa Hyman, Esq. (EH 4709)
Attorneys for the Plaintiffs
233 Broadway, Suite 901
New York, NY 10279
646-572-9064